**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:23-cv-24513-FAM**

HANNAH GORMAN, individually and on behalf of her minor child L.T.G.,

Plaintiff,

v.

BREEZE CONDOMINIUM ASSOCIATION, INC., NAUTICA MANAGEMENT, LLC, and RICHARD MULLER,

Defendants.
_______________________________________/

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

The Defendants, Breeze Condominium Association, Inc. ("Breeze"), their management company, Nautica Management, LLC, ("Nautica"), and officer, Richard Muller ("Muller") (collectively the "Defendants" or "Breeze"), under Fed. R. Civ. P. 12(b) and S.D. Fla. L.R. 7.1, move to dismiss the Complaint and in support, state as follows:

## I. Factual Background and Summary of Argument:

On February 6, 2024, Hannah Gorman individually and on behalf of her minor child L.T.G., filed their First Amended Complaint, which is virtually identical to the original complaint with the exception of the elimination of count IV, alleging failure to accommodate under the Fair Housing Act ("FHA"): Count I, Discrimination based on Disability 42 U.S.C. §3601; Count II 42 U.S.C. §3617, Retaliation; and Count III, Interference with a Contract; *See Generally Compl*.

The central issue is whether the reasonable accommodation provision of the FHA requires accommodation. Reading in between the lines of the Complaint, Plaintiff's requested

accommodation does not seek to alleviate the physical or mental disability of Plaintiff. Rather, the Plaintiff is bringing an action of discrimination and retaliation on behalf of a non-party that was no longer a tenant. The Plaintiff alleges that Breeze discriminated against her solely on the basis that L.G.T.'s father, Nicholas Tomlinson ("Mr. Tomlinson") has a disability, a person that has not lived on the property since January 2023 and has not disclosed what if any is the alleged disability of Mr. Tomlinson. Furthermore, Plaintiff fails to allege that Breeze would make a similar accommodation for a non-disabled person. This case must be dismissed for failure to allege a disability.

Count I (alleged violations of 42 U.S.C. §3601, should be dismissed for failure to state a cause of action upon which relief could be granted. The Plaintiff fails to allege that she suffers from a disability nor that an accommodation is necessary to alleviate any symptoms of the alleged disability or for an ability to use and enjoy the property. The Defendants did not fail to make a reasonable accommodation under the FHA because the individual requesting the accommodation was no longer a tenant of the community and the Plaintiff in this matter is not disabled nor have they alleged that they are disabled.

Count II Retaliation (alleged violations of 42 U.S.C. §3617), and Count III interference with a Contract, should be dismissed as they require a finding of discrimination based on facts that are not grounds to file a lawsuit in the first place. The Plaintiff has not alleged that the plaintiff exercised or enjoyed 'any right granted or protected by' Sections 3603–3606. Absent a violation of the FHA, Plaintiff cannot state she was retaliated against for her disability, or that Breeze interfered with her contract to lease the Subject Property.

Plaintiff simply has not and cannot state a cause of action upon which relief could be granted.

## II. The Allegations of the Complaint:

The Complaint contains four counts which include: Count I, discrimination based on disability 42 U.S.C. §3601; Count II 42 U.S.C. §3617, retaliation; and Count III, interference with a Contract against the Defendants. *See Generally Compl*. Plaintiff alleges that she entered into a lease agreement to rent unit 304 located within Breeze (the "Subject Property") on or about April 12, 2022. *See Compl.* at ¶ 15 and was discriminated and retaliated against because of her request for accommodation.

During the approval stage of the April 12, 2022, lease agreement, the Plaintiff did not request nor identified the need of an Emotional Support Animal, "ESA" nor completed the pet section of the lease agreement application. Durning the application process the Plaintiff failed to disclose that anyone in the unit would need an ESA as an accommodation. Additionally, Breeze does not have a no pet policy, in fact the association allows dogs less than 50 pounds but prohibits breeds that are considered dangerous by the Centers for Disease Control, "CDC". At no time was a pet disclosure made nor accommodation to the pet policy requested. Breeze approved the Plaintiff's application of tenancy based on the representations made in the lease agreement and application for association approval. Shortly thereafter the Plaintiff moved into unit 304, on or about May 29, 2023, the Plaintiff on behalf of Mr. Nicolas Tomlinson, discloses for the first time that Mr. Tomlinson owns a "pet" and submits paperwork requesting an exception from the pet policy. The Plaintiff submitted veterinary paperwork representing that they owned a Black 71.8-pound Chow-Chow and a letter from someone that purports to be a doctor of Mr. Tomlinson, however, the letter did not disclose that Mr. Tomlinson was at the time suffering from a disability, referred to Mr. Tomlinson's dog as a "pet" and there was no language indicating that Mr. Tomlinson's dog was prescribed to Mr. Tomlinson, nor the Plaintiff, as an emotional support

animal necessary to ameliorate the effects of his nor the Plaintiff's disability. As a result of the Plaintiff failing to provide documentation that he, Mr. Tomlinson or the Plaintiff, is disabled, and that the pet was an emotional support animal necessary to ameliorate the effects of her or Mr. Tomlinson's disability the exception to Breeze's pet policy was denied. Breeze after receipt of the paperwork requested that they provided the appropriate documentation to obtain an exception from the pet policy for an ESA accommodation. Thereafter, on or about July 19, 2022, Mr. Tomlinson filed a complaint with the Florida Commission on Human Rights for housing discrimination that ultimately ended in an impasse. After defending the proceedings and during the process of approving the ESA, on or about January 28, 2023, the association is given notice that Mr. Nicolas Tomlinson would no longer be a resident of unit 304 nor of Breeze. The Plaintiff continued to reside at unit 304 until the completion of her lease agreement with the owner of Unit 304. Unit 304's landlord, made the ultimate decision to not re-new the lease of the Plaintiff. None of the Defendants in this matter had any role or decision over whether Unit 304's Landlord would renew the lease.

Upon the Plaintiff, now living only with her minor child, being advised that the landlord will not renew the lease, the Plaintiff sought to rent Unit 311 within Breeze. Pursuant to the policies and procedures of the new tenancy, the new tenants of Unit 311 must be approved by the Association prior to finalizing the lease agreement and prior to moving in. Additionally, this lease approval did not have a request for an exception to the pet policy nor, again, a request for accommodation to the pet policy and the lease was only in the name of the Plaintiff and NOT Mr. Tomlinson. However, Breeze denied the approval of tenancy to the subject property for non-discriminatory reasons. Plaintiff was denied tenancy by the association, not because she may be disabled, which she is not, nor because she requested an exception to the pet policy, which she did

not, but because of past issues with the Plaintiff including misrepresentation on Plaintiff's lease agreement that they did not own a dog, aggressive and unprofessional behavior towards Breeze employees during the pet application process. It must also be noted that the person that originally requested the ESA accommodation, Mr. Tomlinson. is not a party to this action nor are there any allegations that the Plaintiff was associated with a person with a disability when she attempted to lease Unit 311.

**III. The Applicable Motion to Dismiss Standard:**

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to survive a motion to dismiss. *Bohringer v. Bayview Loan Servicing, LLC,* 141 F. Supp. 3d 1229, 1231 (S.D. Fla. 2015). Although this pleading standard does not require detailed factual allegations, it demands more than an unadorned, the defendants-unlawfully-harmed-me accusation. Id. A complaint must state a plausible claim for relief to survive a motion to dismiss. Id. To meet the plausibility standard, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Id. The mere possibility the defendants acted unlawfully is insufficient to survive a motion to dismiss Id.

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts to state a claim to relief that is plausible on its face. *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1248 (S.D. Fla. 2014). If allegations are indeed more conclusory than factual, then the court does not have to assume their truth. Id. In sum, the plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability. Id. See *Randerson v. Taylor Hayden*, PLLC, No. 8:15-cv-615- T-30TBM, 2015 U.S. Dist. LEXIS 94017, at *13-14 (M.D. Fla. June 20, 2015) citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

## IV. Plaintiff failed to state a claim against Defendants.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought…". Fed. R. Civ. P. 8(a). These pleading rules must be followed for each defendant; if there are two or more defendants, then the plaintiff must include a statement showing why the plaintiff is entitled to relief against each defendant, and the plaintiff must include a demand for relief sought against each defendant. E.g., *Bright v. City of Tampa*, Case No. 8:20-cv-1131-CEH-JSS, 2022 WL 1210870 at *6 (M.D. Fla. April 25, 2022); *Nunez v. Leavins*, Case No. 4:21-cv-101-AW/MJF, 2022 WL 1005076 at *4 (N.D. Fla. March 4, 2022) (quoting Fed. R. Civ. P. 8(a)(2)); *Thomas-Joseph v. United States of America Administrations*, Case No. 2:19-cv-765-FtM-29MRM, 2019 WL 13155795, at *3 (M.D. Fla. Dec. 3, 2019); *Embree v. Wyndham Worldwide Corporation*, 779 Fed. Appx. 658, 664 (11th Cir. 2019).

The Complaint fails to state a claim for relief against Defendants. Plaintiff failed to include a statement sufficiently explaining why Plaintiff was entitled to any relief against the Defendants nor against Muller, individually, and Plaintiff failed to include a demand for any relief sought against Defendants nor Muller, individually. Consequently, the Complaint against Defendants must be dismissed.

### A. Muller is Immune from Personal Liability Under Fla. Stat. § 718.111(1)(D) and §617.0834.

Even if the Court does not dismiss the Complaint based on the foregoing argument, which it should, the Complaint should be dismissed against the Individual Defendant because he is immune from personal liability under Florida law. Specifically, it is well-settled law in Florida that officers and directors of a not-for-profit corporation (which includes condominium associations) are generally immune from personal liability or money damages under Florida's not-for-profit

corporation statute. See Fla. Stat. § 617.0834; see also Fla. Stat. §718.111(1)(d). Indeed, the main body of corporate law is to the effect that directors, officers, and stockholders are not liable for corporate acts simply by reason of their official relation to the corporation. *Munder v. Circle One Condo., Inc.*, 596 So. 2d 144, 145 (Fla. 4th DCA 1992) (citing *Cottle v. Storer Communication, Inc.*, 849 F.2d 570 (11th Cir.1988)).

In *Perlow v. Goldberg*, the Third District Court of Appeal affirmed the trial court's dismissal with prejudice of an action against condominium association directors relying on "the longstanding proposition that condominium association directors are immune from individual liability, absent crime, fraud, self-dealing, or unjust enrichment." 700 So. 2d 148, 149-50 (Fla. 3d DCA 1997) (emphasis added) (citing *Munder v. Circle One Condo., Inc.*, 596 So. 2d 144 (Fla. 4th DCA 1992); *Olympian West Condo. Ass'n, Inc. v. Kramer*, 427 So. 2d 1039 (Fla. 3d DCA 1983) (directors not personally liable for failure to correct construction defects) (additional internal citations omitted); accord *Curbelo v. Sweetwater Creek Homeowners Condo. Ass'n, Inc.*, 653 So. 2d 1073, 1074 (Fla. 3d DCA 1995) (directors of a condominium association are not individually liable for breach of fiduciary duty based on their errors or omissions).

Additionally, the Fourth District Court of Appeal also affirmed dismissal of a plaintiff unit owner's complaint against the individual condominium directors. 22 So. 3d 837, 838–39 (Fla. 4th DCA 2009). Specifically, the Raphael Court held that even allegations that the directors personally benefited from the board's decision to modify certain common elements did not rise to the level of self-dealing required to overcome the directors' statutory immunity from personal liability. Id. The Raphael Court, citing the Third DCA's opinion in *Perlow*, stated that "Florida courts have consistently interpreted the statutory term 'personal benefit' as requiring some form of 'self-dealing' on the part of the director before individual liability may be imposed." Id. at 839.

Specifically, the Raphael Court found that "the alleged 'personal benefit' was derived simply because the directors owned units within the condominium project and were thereby also able to enjoy the alterations or improvements to the common areas", and thus, was wholly insufficient to overcome the statutory immunity afforded to volunteer board members pursuant to Fla. Stat. §§ 617.0834 and 718.111(1)(d). Id.

Here, Plaintiff's allegations are insufficient to overcome Muller's statutory immunity from personal suit for decisions in his capacity as Property Manager of Breeze Condominium and CEO of Nautica Management, see paragraph 10 and 16 of Plaintiff's complaint. Indeed, Plaintiff merely alleges, in conclusory fashion, that the Defendants, Not Muller, discriminated, retaliated and interfered with business and contractual relationships. See generally, Complaint. However, none of the aforementioned allegations even suggest that Muller was involved in any kind of conduct that would overcome the statutory immunity afforded to him. *Raphael v. Silverman*, 22 So. 3d 837, 838–39 (Fla. 4th DCA 2009) (holding that allegations that directors personally benefited from the board's decision to modify certain common elements did not rise to the level of self-dealing required to overcome the directors' statutory immunity from personal liability, because "the alleged 'personal benefit' was derived simply because the directors owned units within the condominium project and were thereby also able to enjoy the alterations or improvements to the common areas.").

Additionally, all of the allegations detail decisions made by the Association's Board of Directors within the purview of its powers and duties to manage the day-to-day affairs of the Association. To wit – Defendants' non-approval of the Plaintiff as a tenant as a result of previous issues with the Plaintiff. Simply put, the allegations in the Complaint are wholly insufficient to

overcome the statutory immunity afforded to the Individual Defendant pursuant to Fla. Stat. §§ 617.0834 and 718.111(1)(d). As such, dismissal of the claims against Muller is warranted.

**V. FAILURE TO STATE A CLAIM FOR DISCRIMINATION BASED ON REASONABLE ACCOMMODATION**

To prevail on a failure-to-accommodate claim, a plaintiff must establish that (1) he/she is disabled or handicapped within the meaning of the FHA, (2) he/she requested a reasonable accommodation, (3) such accommodation was necessary to afford him/her an opportunity to use and enjoy his/her dwelling, and (4) the defendants refused to make the requested accommodation." *See Hawn v. Shoreline Towers Phase 1 Condominium Ass 'n, Inc.*, 347 Fed. App'x. 464, 467 11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F. 3d 1201, 1218-19 (11th Cir. 2008). Of great importance, a defendant "cannot be liable for refusing to grant a reasonable and necessary accommodation if [it] never knew the accommodation was in fact necessary." *Hawn* at 467. "[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. Defendants must instead have . . . the ability to conduct a meaningful review of the requested accommodation . . . ." *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 F. App'x 464, 468 (11th Cir. 2009).

First, the Complaint is devoid of any allegations to establish that Plaintiff is disabled as defined by the FFHA or that an emotional support animal is necessary to ameliorate the effects of her disability. There are no allegations in the complaint that the Plaintiff is disabled or handicapped, there are no allegations that the Plaintiff requested an accommodation, nor are there any allegations stating that an accommodation is necessary for use and enjoinment of the property. In fact, the Plaintiff's complaint alleges that an application for an "ESA" accommodation had been made on "behalf of Mr. (Nicolas) Tomlinson" and not on behalf of the Plaintiff. Moreover, the allegations in the Plaintiff's complaint allege that Mr. Tomlinson moved out of the subject property, and

presumably, the ESA accommodation would be moot and, therefore, the Plaintiff is NOT a person associated to a person with a disability. The Plaintiff completed her lease term with Unit 304 and sought to rent a different unit within the community, without Mr. Tomlinson. It stands to reason that there can be no discrimination against the Plaintiff since she is not disabled nor has, she alleged that she is disabled/handicapped in need of an accommodation.

**A. FAILURE TO STATE A CLAIM FOR RETALIATION**

To state a claim for retaliatory housing discrimination, a plaintiff must assert that a defendant coerced, intimidated, threatened, or interfered with her exercise of rights granted under the Florida Fair Housing Act, Fla. Stat. § 760.20. 42 U.S.C.S. § 3617; Fla. Stat. § 760.37. To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) the defendant subjected her to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. Once the prima facie case is established, the Defendants must proffer a legitimate, non-retaliatory reason for the adverse action. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the Defendant is a pretext for prohibited, retaliatory conduct. *Rice-Lamar v. City of Fort Lauderdale,* 853 So.2d 1125 (Fla. 4th D.C.A. 2003).

In the matter at hand, the Plaintiff has not participated in a protected activity as she has not sought or engaged in a protected activity. The protected activity, if any, was purportedly done by a non-party to this action, Mr. Tomlinson, a person that the Plaintiff by her own allegations is no longer associated with as a result of him vacating the premises of his own accord prior to the termination of the lease. Additionally, the Plaintiff has not alleged that she is disabled.

**i. No Adverse Action**

In this case, Plaintiff cannot point to any "adverse action," much less any action which could give rise to the level of coercion or intimidation necessary to state a claim for retaliation under the Fair Housing Act. The only alleged "adverse action" is the non-approval of the Plaintiff's tenancy of a different unit within the community that she attempted to rent without Mr. Tomlinson.

**VI. The Plaintiff Fails to Establish a Claim for Violation of 42 U.S.C. § 3617.**

Count III of Plaintiff's First Amended Complaint is brought under 42 U.S.C. § 3617. That Section makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section[s] 3603, 3604, 3605, 3606 of this title." 42 U.S.C. § 3617. "A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercised or enjoyed 'any right granted or protected by' Sections 3603–3606; (2) that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct." *Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 335 (11th Cir. 2020); *see also LaGrasso v. Seven Bridges Homeowners Ass'n, Inc.*, No. 20-81163-CV, 2021 WL 3417809, at *9 (S.D. Fla. May 14, 2021), *appeal dismissed sub nom. LaGrasso v. Seven Bridges Homeowners Associations Inc.*, No. 21-12580-JJ, 2021 WL 5071449 (11th Cir. Sept. 27, 2021).

The Plaintiff in Count III of her complaint alleges that she allegedly had a binding contract for Unit 311, *See compl'* paragraph 71. Therefore, Count III is an alleged interference with a contract for Unit 311, a unit that the Plaintiff was renting without Mr. Tomlinson. Additionally, there are no allegations that the Plaintiff was "associated" to a person with a disability in attempting to rent Unit 311 and the Plaintiff has not alleged that she is disabled. Therefore, the Plaintiff is unable to meet the first prong of the elements for a violation of 42 U.S.C. § 3617.

**WHEREFORE**, Defendants request that this Court enter an order dismissing the Plaintiff's Complaint, with prejudice, and take such further action as it deems just and proper.

BY: *\/s\/ Franklin Antonio* Jara
FRANKLIN ANTONIO JARA
FBN: 636681

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant BREEZE CONDOMINIUM ASSOCIATION, INC., NAUTICA MANAGEMENT, LLC, and RICHARD MULLER
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (954) 343-3931
Facsimile (561) 683-8977
Primary e-mail: franklin.jara@csklegal.com
Secondary e-mail: krystal.desinord@csklegal.com

BY: */s/ Franklin Antonio* Jara
FRANKLIN ANTONIO JARA
FBN: 636681