UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-24513-FAM

HANNAH GORMAN,
individually and on behalf of her minor child L.T.G.

Plaintiffs,

v.

BREEZE CONDOMINIUM ASSOCIATION, INC,
NAUTICA MANAGEMENT, LLC,
and RICHARD MULLER.

Defendants.

______________________________________/

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [DE 20]**

Plaintiffs, Hannah Gorman, individually and on behalf of her minor child L.T.G., by and through the undersigned counsel, hereby file this Response in Opposition to Defendants, Breeze Condominium Association, Inc, Nautica Management, LLC, and Richard Muller, Motion to Dismiss First Amended Complaint, [DE 20], and in support states as follows:

Plaintiffs Hannah Gorman and her minor son, L.T.G., have sued Defendants for unlawful discrimination under the Fair Housing Act. Plaintiffs are not disabled. Plaintiffs were "associated" with L.T.G.'s father, Nichlas Tomlinson, in individual with a disability under 42 U.S.C. § 3602(h). Plaintiffs are thus covered persons under 42 U.S.C. § 3604(f). Gorman and L.T.G. are also aggrieved persons under the Fair Housing Act. 42 U.S.C. § 3602(i)(1)(2).

In Count I, Plaintiffs allege that Defendants denied housing based on disability 42 U.S.C. 3604(f)(1)(A); imposed discriminatory terms and conditions in violation of 42 U.S.C. §§ 3604(f)(2) and 3604 (f)(3)(B) and failed to make reasonable accommodations in violation of 42

U.S.C. 3604(f)(3)(B). In Count II, Plaintiffs claim that Defendants retaliated against her and her child when they refused to approve her tenancy because Tomlinson filed a HUD complaint related to his emotional support animal. Those actions violated 42 U.S.C. § 3617, *et seq*. Count III alleges that Defendants interfered with a contract for housing, in violation of 42 U.S.C. § 3617 when they denied her right to housing in a unit owned by Renata Oropallo.

Defendants have moved to dismiss the Amended Complaint. Generally, Defendants claim that Plaintiffs lack standing because they are not disabled and have not alleged a disability. They claim that Defendant Muller is immune from personal liability under Fla. Stat. 781.111 (1)(D) and 617.0834. Defendants claim that Plaintiffs failed to state a claim for reasonable accommodation; and that Plaintiff failed to state a claim for retaliation because of lack of adverse action.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the allegations in the complaint fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the allegations in the claims for relief. The dismissal of a complaint is warranted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). Portnoy's complaint pleads sufficient facts and the law to withstand a motion to dismiss.

When ruling on a motion to dismiss under Rule 12(b)(6) a court "accepts that allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Those "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 570). In short, the complaint cannot merely allege misconduct, but must demonstrate that it is plausible that the pleader is entitled to relief. *Id.*

"At the motion to dismiss stage, all well-plead facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007) (noting that all allegations in the complaint are to be taken as true even if doubtful in fact). Under Rule 8(a)(2), a complaint states a claim when it contains, *among other things*, "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint fails to state a claim, the Court should apply the standard announced by the Supreme Court in *Twombly*, 550 U.S. 544 described as follows:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to the probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## STATUTES AND DEFENDANTS

1. Under the FHA, it is unlawful to discriminate against a buyer, renter and/or "any person associated" therewith for reasons of disability, 42 U.S.C. § 3604(f)(1).

2. An aggrieved person as "any person who— (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i)

3. Discrimination includes: "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]"42 U.S.C. § 3604(f)(3)(B).

4. Under the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section 803, 804, 805, or 806 of this title." 42 U.S.C. § 3617.

5. "Any person or entity engaging in prohibited conduct – i.e., refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling – may be liable" unless they fall within the very narrow exceptions to the FHA's coverage. Neither condominium associations, nor property management companies are exempted from the FHA's requirements.

6. Defendant, Breeze Condominium Association, Inc, ("Breeze Condo" or "Association"), a Florida not for Profit Corporation, licensed to and doing business in Miami-Dade County, Florida, that operates a condominium building located at 1555 N. Treasure Dr., North Bay Village, FL 33141, ("Subject Premises").

7. Defendant, Nautica Management, LLC, ("Nautica Management"), is a Florida Limited Liability Company, licensed to and doing business in Miami-Dade County, Florida, that manages Breeze Condominium Association.

8. Defendant, Richard Muller, ("Muller" or "Defendants" collectively with Defendant, "Breeze Condo" and Defendant, "Nautica Management"), is Licensed Community

Association Manager (LCAM), an agent for Breeze Condo, Manager and CEO for Nautica Management, a resident of Miami-Dade County, Florida, otherwise sui juris.

9. The rental unit at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## ARGUMENT IN OPPOSITION TO MOTION

### i. Plaintiffs have Standing conferred by Congress and federal law.

Defendants' main arguments seem focused on whether the Plaintiffs have standing to challenge Defendants actions under the FHA because Plaintiffs are not disabled. Defendants do not explicitly argue for lack of standing. Instead, they repeatedly contend that Plaintiffs cannot bring a Fair Housing case, because they are not persons with disabilities.

According to the FHA, "aggrieved persons" and "associated persons" can bring claims for FHA violations. Here, Plaintiffs have alleged that they are aggrieved persons under the FHA who were associated with a disabled person who required an emotional support animal. [DE 19 ¶¶ 3, 7] Those allegations are repeated and realleged in each subsequent Count in the complaint. The FHA describes an aggrieved person as "any person who— (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Under the FHA, an aggrieved person need not be a member of a protected class. *Wasserman v. Three Seasons Ass'n No. 1, Inc.*, 998 F. Supp. 1445, 1447 (S.D. Fla. 1998). In *Pisani v. Sunrise Lakes Condo, Phase 4*, 2008 U.S. Dist. LEXIS 135098 (S.D. Fla. March 17, 2008), this Court denied the defendants motion to dismiss when a non-disabled home seller sued defendants for preventing the sale of her home to a disabled buyer. The Court found that the non-disabled home seller had standing to sue under the FHA, for disability discrimination, because she suffered an injury that was redressable under the FHA. Here,

Plaintiffs are aggrieved persons and persons who were associated with a disabled person. Both Plaintiffs have the right to challenge Defendants' actions under the FHA.

**ii. Defendant's immunity claim defeated by the Supremacy Clause**

In their Motion to Dismiss, Defendants argue that Muller, who is sued in his individual capacity, is immune from federal liability under the FHA because state law grants him immunity. See Fla. Stat. § 617.0834 and § 718.111(1)(d). The Supremacy Clause does not allow Defendants to hide behind state law as a shield of immunity from federal law.

The United States Supreme Court recently ruled that: "The Supremacy Clause provides that the laws of the United States shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding. *Art. VI, cl. 2.* Thus, when Congress enacts a valid statute pursuant to its Article I power, state law is naturally preempted to the extent of any conflict with a federal statute. End of Story. That a federal law modifies a state law cause of action does not limit its preemptive effect." *Haaland v. Brackeen*, 143 S.Ct. 1609, 1635 (2023).

Based on Constitutional text and U.S. Supreme Court opinions, Courts in this District have also ruled that Fla. Stat. § 617.0834 does not shield condominium board members from liability. *Hous. Opporunities Project for Excellence, Inc. v. Key Colony No. 4 Condominium Assoc.*, 510 F. Supp. 2d 1003, 1013-14 (S.D. Fla. 2007). In *Key Colony*, plaintiffs sued defendants, in their individual capacities, for violating the FHA. Defendant board members moved to dismiss those claims arguing that they were immune under Fla. Stat. § 617.0834. The Court rejected that argument:

> It is clear that the Fair Housing Act allows for claims to be brought against individual Defendants. *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Thus, board members can be held liable for their own conduct under the Fair Housing Act as alleged in this action. Plaintiffs specifically allege that "[e]ach and every member

> of the Board of Directors was personally involved in each and every discriminatory act mentioned infra during their tenure as Members of the Board of Directors. As such, each reference to Botanica includes each and every member of the Defendant members of the Board of Directors." In addition, section 617.0834 cannot be applied to bar Plaintiffs' federal cause of action. Furthermore, it is alleged that the board of directors each personally and intentionally discriminated against families. Section 617.0834 does not protect against willful violations of the rights protected by the Fair Housing Act. 617.0834(1)(b)(3), Florida Statutes (stating that the statute's immunity does not apply where the officer's breach his or her duties constitutes "[r]ecklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.) Therefore, Plaintiffs have stated a sufficient claim against the board members and the Court denies the motion to dismiss on this issue.

Other courts in the Southern District have followed the reasoning in *Key Colony* and held that "Individual board members of agents such as property managers can be held accountable when they personally committed or contributed to a Fair Housing Act violation. This liability can extend to votes taken as a board member which contribute to an FHA violation. *Sabal Palms Condos of Pine Island Ridge Ass'n v. Fischer,* 6 F.Supp. 1272, 1293 (S.D. Fla. 2014). An agent can be held personally liable if he personally committed or contributed to a Fair Housing Act violation. *Falin v. Condominium Ass'n of La Mer Estates*, 2011 U.S. Dist. LEXIS 129927 (November 9, 2011).

**iii. Retaliation Claims are proper.**

Defendants claim that Plaintiffs claims for retaliation should be dismissed because Gorman and L.T.G. did not engage in protected activity. But Plaintiffs allege that they "[A]ided or encouraged others, namely L.G.T.'s father, to exercise or enjoy rights afforded by federal fair housing laws." [DE 19 ¶62] This is statutorily protected activity. "At the motion to dismiss stage, all well-plead facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007). In any case, Defendants wrote Gorman's new landlord denying Gorman's approval. They said that they would

not approve Gorman for the second unit was because of "[A]n ongoing legal matter that the tenant and her companion have filed against the association and remains ongoing." [DE 19 ¶39]

**iv. Failure to State a Claim**

On page 6 of their Motion to Dismiss, Defendants claim pleading defects in the Amended Complaint. Defendants claim that Plaintiffs fail to include a statement sufficiently explaining why Plaintiffs are entitled to relief against Defendants. Plaintiffs have pled 8 pages and fifty-two (52) paragraphs of factual allegations against the Defendants. The factual recitation sets out the actions of the parties constituting violations of the Fair Housing Act. All the Defendants acted in unison and concert to violate the Fair Housing Act. The Act allows any person or entity that commits an unlawful act to be held liable. Plaintiffs set forth, in detail, each Defendant's unlawful actions and tied those violations to the statutes and regulations. Defendants claim that Plaintiffs failed to include any demand for relief sought against Defendants nor Muller, individually. To the contrary, Plaintiffs set forth three pages of demands for relief against the Defendants.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that Defendants' Motion be denied.

WHEREFORE, Plaintiffs, Hannah Gorman, individually and on behalf of her minor child L.T.G, respectfully requests that the Court deny Defendants, Breeze Condominium Association, Inc, Nautica Management, LLC, and Richard Muller, Motion to Dismiss First Amended Complaint, [DE 20], and grant such other relief as this Court deems just and equitable.

Respectfully Submitted this February 28, 2024.

By: *<u>/s/ J. Courtney Cunningham</u>*
J. Courtney Cunningham, Esq.
Florida Bar No.: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156

T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2024, an electronic copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties and Counsel of record.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
Florida Bar No.: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*