UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24513-CIV-MORENO

HANNAH GORMAN, individually and on
behalf of her minor child L.T.G.,

        Plaintiff,

vs.

BREEZE CONDOMINIUM ASSOCIATION,
INC., NAUTICA MANAGEMENT, LCC, and
RICHARD MULLER,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

This case is about a dispute between a former tenant and her condominium, the condominium's property management firm, and the condominium's property manager. Plaintiff alleges that Defendants denied application for her and Mr. Tomlinson's emotional support dog, denied renewal of Plaintiff's lease, and then interfered and denied Plaintiff's contract for a different lease within the same condominium. It is alleged that these actions amounted to unlawful discrimination under the Fair Housing Act. Plaintiff filed suit against Defendants under the Fair Housing Act for discrimination, retaliation and interference, and interference with a contract.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (**D.E. 20**), filed on **February 14, 2024**. THE COURT has considered the motion, the response in opposition, the reply, and pertinent portions of the record. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

1

**FACTS**

The following facts from Amended Complaint are assumed to be true for purposes of evaluating the Motion to Dismiss. In early April, Plaintiff Hannah Gorman (mother and guardian of L.T.G., a minor), and Nicholas Tomlinson (father of L.T.G.) submitted a rental application for Unit 304 within Breeze Condo, including the information for Mr. Tomlinson's emotional support animal. [ECF No. 19] ¶¶ 6, 12, 17. It is alleged that Mr. Tomlinson is an individual with a disability under 42 U.S.C. §3602(h) and Plaintiff Gorman was "associated with a person with a disability" and accordingly, covered under 42 U.S.C. §3604(f). *Id.* ¶¶ 12-13. Defendant Breeze Condo is a "person" who operates a multifamily dwelling, the subject homeowner's association at the center of this litigation, and the subject property to this action. *Id.* ¶ 14.

On or about April 12, 2022, Plaintiff and Mr. Tomlinson entered into a one-year lease agreement with Jeffrey Cohen (owner of Unit 304), under the rules and regulations of Defendant Breeze Condo, and managed by Defendant Nautica Management. *Id.* ¶ 19. Defendant Nautica Management is employed as the agent and property management firm for Defendant Breeze Condo. *Id.* ¶ 15. On or about April 22, 2022, Plaintiff and Mr. Tomlinson moved into the subject property. *Id.* ¶ 20. On May 29, 2022, Plaintiff submitted an emotional support animal application to Defendant Nautica Management on behalf of Mr. Tomlinson that included the requisite "pet form." *Id.* ¶ 21. On June 14, Defendant Richard Muller denied the emotional support animal application because of the dog's size and breed. *Id.* ¶ 23. Defendant Muller is the licensed community association manager, agent for Defendant Breeze Condo, and manager and CEO of Defendant Nautica Management. *Id.* ¶ 10. There was some back and forth between Plaintiff and Defendants about reconsideration of the denied application, which ultimately ended with

2

Defendant Muller replying to Plaintiff that "the decision has not been made lightly, the matter was discussed at length with their attorney and as such would not be reconsidered." *Id.* ¶¶ 25-26.

Mr. Tomlinson moved out of Unit 304 on January 28, 2023. *Id.* ¶ 31. Even so, Plaintiff planned to renew the lease for Unit 304, even relaying to her landlord's real estate agent that "[i]t will be just me and L.G.T. with Nick being a regular visitor." *Id.* ¶ 32. However, on February 24, 2023, Plaintiff received an email from her real estate agent advising her that the lease for Unit 304 "will not be renewed when it expires on April 30, 2023." *Id.* ¶ 33. After Plaintiff multiple attempts to speak with her real estate agent, she finally told her that "the law does not require a reason, and she was not aware of any reason." *Id.* ¶¶ 34-35.

On March 14, 2023, Plaintiff signed a lease with Renata Oropallo for Unit 311 within Breeze Condo. *Id.* ¶ 36. Ms. Oropallo sent a copy of the lease to Defendant Nautica Management for approval. *Id.* Defendant Muller responded by email and said to Ms. Oropallo that "[a]ll leases require approval by the board of directors." *Id.* ¶ 37. On March 21, 2023, Defendant Muller notified both Plaintiff and Ms. Oropallo with an official letter that stated:

> We regret to inform you that your tenant's application has been considered by the board of directors and will not be approved. The denial is based on grounds including but not limited to a material representation on the tenant's initial application dated on or about April 13, 2022, for lease and that of an ongoing legal matter the tenant and her companion have filed against the association that remains ongoing. The ongoing legal matter has already cost the association thousands of dollars and has the propensity to cost thousands of more dollars along with increasing the already expensive insurance rates for the association.

*Id.* ¶ 39. Plaintiff alleges that not only did Defendants deny Plaintiff and Mr. Tomlinson's request for reasonable accommodations, but Defendants also willfully retaliated against Plaintiff by denying her rental application for Unit 311 and the opportunity to renew Unit 304. *Id.* ¶¶ 40-41. Plaintiff ultimately found a rental property and on April 25, 2023, moved out of Breeze Condo.

3

*Id.* ¶ 43. As a result of Defendants' actions, Plaintiff suffered and will continue to suffer loss and injury including (but not limited to) loss of a housing opportunity, humiliation, embarrassment, emotional distress, and deprivation of the right to equal housing opportunities. *Id.* ¶ 45.

Plaintiff (individually and on behalf of her minor child L.T.G.) filed this lawsuit against Breeze Condo, Nautica Management, LLC. and Richard Muller. Plaintiff asserts three counts against Defendants for: (I) Discrimination under 42 U.S.C. §§ 3601, et seq.; (II) Retaliation and Interference under 42 U.S.C. § 3617; and (III) Interference (with a Contract) under 42 U.S.C. § 3617. Defendants subsequently moved to dismiss Counts I, II, and III.

## LEGAL STANDARD: RULE 12(b)(6) MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint. A court must accept as true the facts as set forth in the complaint.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be

4

enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

As stated *supra*, Defendants moved to dismiss Plaintiff's Amended Complaint. First, Defendants argue that the Complaint fails to include a statement sufficiently explaining why Plaintiff was entitled to any relief against the Defendants nor against Defendant Muller, individually, and Plaintiff failed to include a demand for any relief sought against all Defendants. Next, Defendants state that Defendant Muller is immune from personal liability under Florida law. Onto the counts, Defendants argue that Count I must be dismissed as the Complaint is devoid of any allegations to establish that Plaintiff is disabled as defined by the Fair Housing Act or that an emotional support animal is necessary to ameliorate the effects of her disability. On Count II, Defendants argue that Plaintiff's fail to state a claim for retaliatory housing discrimination. Lastly, on Count III, Defendants state that Plaintiff is unable to meet the first prong of the elements for a violation of 42 U.S.C. § 3617, thus warranting dismissal. The Court discusses—and rejects—each argument in turn.

## RULE 8(a) STANDARD & ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is within "the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2)." *Davis v. Ft. Lauderdale Police Dep't Int. Affs.*, No. 23-10034, 2024 U.S. App. LEXIS 3245 (11th Cir. Feb. 12, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). A dismissal under Rule 8(a)(2) "is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Here, Defendants write that the Complaint fails to state a claim for relief against Defendants. Specifically, Defendants state that Plaintiff failed to include a statement sufficiently explaining why Plaintiff was entitled to any relief against the Defendants nor against Muller, individually. Plaintiff, in response, states that she has pled eight pages of factual allegations that sets out the actions of the parties constituting violations of the Fair Housing Act, and three pages of demands for relief against the Defendants.

The Court finds that the Complaint states claims upon which relief may be granted against Defendants. While the Court recognizes that generally it is good practice to specify exact conduct each defendant engaged in as to each count, here the allegations are that all Defendants acted in unison. Plaintiff specifically alleges that "Defendants were personally involved in, authorized and ratified each and every discriminatory act in retaliation herein." [ECF No. 19] ¶ 67. The Complaint goes further to explain the role each Defendant played in the violations at hand and

6

causes of action. Breeze Condo operates the condominium building where Plaintiff resided, Nautica Management manages Breeze Condo, and Muller is an agent for Breeze Condo and manager and CEO for Nautica Management. [ECF No. 19] ¶¶ 8-10. Finally, (and contrary to Defendants' arguments), the Complaint writes that as a result of Defendants' actions in each role, Plaintiff "suffered and are continuing to suffer actual damages" and thus "demand judgment against Defendants, Breeze Condominium Association, Inc., Nautica Management, LLC, and Richard Muller." *Id.* ¶ 77. At this early stage of the case, Plaintiff's allegations are sufficient to state a claim for individual liability under the Fair Housing Act. The Court denies Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim.

### IMMUNITY UNDER FLORIDA LAW – STANDARD & ANALYSIS

Defendants also move to dismiss the claims (specifically) against Defendant Muller because "it is well-settled law in Florida that officers and directors of a not-for-profit corporation (which includes condominium associations) are generally immune from personal liability or money damages." *See* Fla. Stat. § 617.0834; *see also* Fla. Stat. §718.111(1)(d). Defendants cite to the Third District Court of Appeal in *Perlow v. Goldberg*, which affirmed a state "trial court's dismissal with prejudice of an action against condominium association directors relying on the longstanding proposition that condominium association directors are immune from individual liability, absent crime, fraud, self-dealing, or unjust enrichment." 700 So. 3d 148, 149-50 (Fla. 3d DCA 1997). The Fourth District Court of Appeal in *Raphael v. Silverman* ruled similarly. 22 So. 3d 837, 838-39. There, the court also "affirmed dismissal of a plaintiff unit owner's complaint against the individual condominium directors." *Id.* The court reasoned that "the board's decision

to modify certain common elements did not rise to level of 'self-dealing' on the part of the director before individual liability may be Imposed." *Id.*

This exact legal question was addressed recently by Judge Altman in *Portnoy v. Mei Condo. Ass'n*, No. 23-cv-23475, 2024 U.S. Dist. LEXIS 34877, at *6 (S.D. Fla. Feb. 28, 2024). The *Portnoy* defendants also argued chiefly with the same state cases *Perlow* and *Raphael*. *Id.* at 6-7. However, the *Portnoy* court struck the immunity argument for two reasons. *Id.* First, the state cases cited have nothing to do with the Fair Housing Act—a federal statute. *Id.* at 7. Second, courts in our district have repeatedly rejected the argument that an individual can deploy Fla. Stat. § 617.0834 to shield liability from the Fair Housing Act. *Id.* In *Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003, 1013–14 (S.D. Fla. 2007), Judge Martinez encountered this identical immunity argument. There, the court ruled that "[i]t is clear that the Fair Housing Act allows for claims to be brought against individual [d]efendants." *Id.* Judge Scola in *Sabal Palm Condos. Of Pine Island Ridge Ass'n Inc. v. Fischer*, 2014 WL 988767, at *4 (S.D. Fla. Mar. 13, 2014) found similarly, writing that "[Section] 617.0834, a state statute, cannot bar a claim under the [Fair Housing Act], a federal cause of action." State law is naturally preempted to the extent of a conflict with a federal statute. Thus, the Court similarly finds that Defendant Muller cannot be immune to liability under the Fair Housing Act by relying on either Florida statute.

The Court agrees with both Plaintiff and the precedent in our district. Defendants' motion to dismiss the Complaint against Defendant Muller on Florida law immunity grounds is denied.

8

## COUNT I: DISCRIMINATION, FAIR HOUSING ACT – STANDARD & ANALYSIS

The Fair Housing Act states that it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter, or any person associated with that buyer or renter. *See* 42 U.S.C. § 3604(f)(1). Discrimination under the Fair Housing Act includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(B). To prevail on a failure-to-accommodate claim, a plaintiff must establish that: "(1) he/she is disabled or handicapped within the meaning of the FHA, (2) he/she requested a reasonable accommodation, (3) such accommodation was necessary to afford him/her an opportunity to use and enjoy his/her dwelling, and (4) the defendants refused to make the requested accommodation." *See Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 Fed. App'x. 464, 467 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F. 3d 1201, 1218-19 (11th Cir. 2008)).

Defendants' argument hinges on whether Plaintiff is disabled as defined by the Fair Housing Act. Defendants argue that because there are no allegations in the Complaint that Plaintiff is disabled or handicapped, there can be no discrimination against Plaintiff. In return, Plaintiff does not argue that she is disabled or handicapped, but that under the Fair Housing Act, she is classified as an "aggrieved" and "associated" person with standing to bring Fair Housing Act claims. The Fair Housing Act defines an aggrieved person as "any person who— (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). The Fair

Housing Act also specifically includes "any person associated with that person" when it comes to bringing claims of discrimination. *See* 42 U.S.C. § 3604(f)(1)(C).

The Court disagrees with Defendants' arguments. Defendants state that "the Complaint is devoid of any allegations to establish that Plaintiff is disabled as defined by the FFHA[1]..." That fact is not hidden. The Complaint explicitly alleges that Mr. Tomlinson is the individual with a disability under 42 U.S.C. § 3604(h) and that Plaintiff was associated with him and accordingly covered under 42 U.S.C. § 3604(f). *See* [ECF No. 19] ¶¶ 12-13. Defendants state that there are "no allegations that Plaintiff requested an accommodation," but the Complaint specifically states that Plaintiff submitted an application including the pet form, photographs, and letter from psychiatrist. *See* [ECF No. 19] ¶ 21. Defendants do not discuss anything about the classification of an "aggrieved" or "associated" person, which the Fair Housing Act plainly makes unlawful discrimination against persons associated with the disabled person. *See* 42 U.S.C. § 3604(f)(2)(C). *Wasserman v. Three Seasons Ass'n No. 1, Inc.*, also provides some clarity. 998 F. Supp. 1445, 1447 (S.D. Fla. 1998). There, the court cited the Supreme Court's rule that "because the [Fair Housing Act] gives standing to 'aggrieved persons,' it does not require membership in the protected class for standing. *Id.* (citing *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103, 60 L. Ed. 2d 66, 99 S. Ct. 1601 (1979)). As such, a failure to accommodate claim is available to Plaintiff as she is associated with Mr. Tomlinson. Thus, moving past the standing issue, what is critical is whether Plaintiff alleged an injury. *See* 42 U.S.C. § 3602(i). Plaintiff has done just that: "[a]s a result of Defendants' actions described above, Plaintiffs have suffered and will continue to suffer irreparable loss and injury including, but not limited to loss of a housing opportunity, humiliation, embarrassment, emotional distress, and deprivation of their right to equal

---

[1] Typographical error by Defendants.

housing opportunities." [ECF No. 19] ¶ 46. Accordingly, Defendants' motion to dismiss Count I is denied.

## COUNT II: RETALIATION AND INTERFERENCE, FAIR HOUSING ACT – STANDARD & ANALYSIS

Under the Fair Housing Act, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Section 3617 prohibits retaliation for the exercise of a right protected by the Fair Housing Act. *See Hous. Opps. Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007). To state a cause of action for retaliation in violation of the Fair Housing Act, a plaintiff must allege (1) that he or she engaged in protected activity, (2) that he or she suffered adverse actions, and (3) that the adverse action was causally related to the protected activity. *Id.* (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161 (11th Cir. 2003)).

Defendants dispute retaliation in two ways. First, Defendants state that Plaintiff has not participated in protected activity. Second, Defendants argue that Plaintiff cannot point to any "adverse action" that gives rise to the level of coercion or intimidation necessary to state a claim for retaliation under the Fair Housing Act.

With respect to Defendants' first argument, the Complaint states that the rental application for Unit 311 was denied in retaliation due to Mr. Tomlinson "having filed a Housing Discrimination Complaint with HUD, because of Defendants denial of reasonable

accommodation." [ECF No. 19] ¶ 64. It is clear that filing a complaint for a violation of the Fair Housing Act is constituted as protected activity. *See Hous. Opps. Project for Excellence, Inc.*, 510 F. Supp. 2d at 1013; *see also Alley v. Les Chateaux Condo. Ass'n*, No. 8:10-cv-760-T-33TGW, 2010 U.S. Dist. LEXIS 121200, at *15 (M.D. Fla. Nov. 16, 2010). Defendants argue that the protected activity was purportedly done by a non-party to this action. This argument is again, unpersuasive. Section 3617 states specifically, "of any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." Section 3604(f) specifically includes, "any person associated with that person." *See* 42 U.S.C. § 3604(f). Thus, the Fair Housing Act explicitly allows for Plaintiff here, and thus the "protected activity" prong is met.

The Court also finds Defendants' second argument unpersuasive. Defendants write that Plaintiff cannot point to any "adverse action" that would "give rise to the level of coercion or intimidation necessary to state a claim for retaliation under the Fair Housing Act, but do not provide any case law that provides a "standard" or "level" of coercion or intimidation necessary to state a claim for retaliation. At this stage of the litigation, Plaintiff's allegations of adverse action are sufficient get over the motion to dismiss hump. Plaintiff alleges that Defendants interfered with her enjoyment of her protected rights when they wrote to Plaintiff's new landlord denying approval of the lease. *See* [ECF No. 19] ¶ 39. Defendants wrote specifically that they would not approve of the second unit "because of an ongoing legal matter that the tenant and her companion have filed against the association and remains ongoing." *Id.* Accordingly, Defendants' motion to dismiss Count II is denied.

## COUNT III: INTERFERENCE (WITH CONTRACT), FAIR HOUSING ACT – STANDARD & ANALYSIS

Plaintiff's third count (interference with contract) is also brought as a violation of 42 U.S.C. § 3617. A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercised or enjoyed "any right granted or protected by" Sections 3603-3606; (2) that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct. *Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 335 (11th Cir. 2020).

Defendants argue that Plaintiff is unable to meet the first prong because Count III is an alleged interference with a contract for Unit 311, a unit that Plaintiff was looking to rent without Mr. Tomlinson. Further, Defendants state that when Plaintiff signed the contract for Unit 311, she was not "associated" with Mr. Tomlinson, a person with disability. However, that distinction does not matter. Looking at the plain text of Section 3604(f)(1)(A)-(C), it states that "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter, or any person associated with that buyer or renter." Here, the Complaint's allegations fit squarely within section 3604(f)(1)(C). Plaintiff alleges that her contract for Unit 311 was interfered with by Defendants because of the denial and ongoing legal matter regarding the denial of Mr. Tomlinson's emotional support animal in Unit 304. *See* [ECF No. 19] ¶¶ 40-41. These allegations are enough to show discrimination in denying a dwelling to a renter (Plaintiff) because of a handicap of a person (Mr. Tomlinson) associated with that renter (Plaintiff). Defendants' motion to dismiss Count III is denied.

## CONCLUSION

After careful review, therefore, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Amended Complaint [ECF No. 20] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___3rd___ of June 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record